IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BENNY BOYD MOONEY,**

    **Plaintiff,**

vs.                                       Case No. 4:06cv192-RH/WCS

**JAMES McDONOUGH,**
**KAY SMITH,**
**PAULA J. YOUNG,**
**JACK SAPP, et al.,**

    **Defendants.**

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff submitted the assessed initial filing fee, doc. 5, and the complaint was reviewed pursuant to 28 U.S.C. § 1915A.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff's complaint concerns a disciplinary report that was written against him, charging him with violating Departmental rules for having a pen pal. Doc. 1, p. 9. Plaintiff contends he did not place an ad for a pen pal, was not aware of anyone else doing so, and had not requested that anyone put an ad on the internet for a pen pal. *Id.*

Nevertheless, Plaintiff was found guilty of the infraction, placed in disciplinary confinement for fifteen days and lost thirty days of incentive gain time.  *Id.*, at 9-10.  Plaintiff complains that the Defendants did not use due diligence to investigate the charge of disobeying regulations.  *Id.*, at 11-12.  Plaintiff states that the Defendants failed in their duties to properly investigate both in the disciplinary proceedings and the grievance proceedings which he claims violates his due process rights and his First Amendment rights.  *Id.*, at 12-13.  Plaintiff seeks expungement of the disciplinary report and to have the forfeited gain time restored.  *Id.*, at 13.  Plaintiff further requests a transfer from Hamilton Correctional Institution to Cross City Correctional Institution and monetary damages.  *Id.*

While Plaintiff's allegations may or may not state a claim for a violation of Plaintiff's First and Fourteenth Amendment rights, service is not appropriate and these claims cannot go forward.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck, 114 S. Ct. at 2372.  To recover damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id.*  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.

Heck has been extended and made explicitly applicable in the prison disciplinary setting.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In <u>Balisok</u>, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on <u>Heck</u>, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gain time credits is not cognizable under § 1983.

In this case, Plaintiff complains about due process violations in the disciplinary proceedings, the result of which was the loss of gain time which has, admittedly, not been restored. Indeed, Plaintiff seeks the restoration of gain time in this civil rights case. A civil rights case cannot provide such a remedy because only habeas proceedings can provide relief which would result in a speedier release from prison. <u>Heck</u>, 512 U.S. at 481, 114 S. Ct. at 2369, *citing* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Thus, Plaintiff may not use this § 1983 action to seek the expungement of the disciplinary report or the return of forfeited gain time. Moreover, Plaintiff may not seek monetary damages for harm allegedly suffered due to a disciplinary report that has not yet been overturned. This case must be dismissed because no relief can be provided to Plaintiff. Plaintiff's civil rights claims cannot go forward until Plaintiff has had the disciplinary report overturned or otherwise invalidated.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 12, 2006.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**